

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| MOUNTAINEER PEST SERVICES, LLC, § | |
| Plaintiff, § | |
| vs. § | CIVIL ACTION NO. 1:20-02235-MGL |
| § | |
| CITY OF NORTH AUGUSTA, § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AS TO PLAINTIFF'S FEDERAL CLAIMS
AND DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION
OVER PLAINTIFF'S STATE CLAIMS**

**I.     INTRODUCTION**

This case concerns a zoning dispute between Plaintiff Mountaineer Pest Services, LLC, (MPS) and Defendant City of North Augusta (North Augusta). MPS brought this action in the Aiken County Court of Common Pleas. North Augusta subsequently removed it to this Court.

In MPS's amended complaint, it alleges Fourteenth Amendment constitutional violations of the Equal Protection and the Privileges and Immunities clauses. It also brings state law claims. The Court has federal-question jurisdiction over MPS's constitutional claims in accordance with 28 U.S.C. § 1331, and supplemental jurisdiction over its state claims under 28 U.S.C. § 1367.

Pending before the Court is North Augusta's motion for summary judgment. Having carefully considered the motion, the response, the record, and the applicable law, the Court will grant

the motion as to MPS's federal claims and decline to exercise supplemental jurisdiction over MPS's state law claims.

## II.     FACTUAL AND PROCEDURAL HISTORY

"In the spring of 2018, [MPS] approached [North Augusta] and . . . requested a text Amendment to [North Augusta's] zoning ordinance to lift the historic overlay regarding th[e] parcels of property [MPS wanted to be rezoned], so that those parcels would be . . . zoned for general commercial activity."  Complaint ¶ 6.  "The zoning board initially denied [MPS's] request[ed] text amendment[,] which [MPS] then appealed to [the North Augusta] City Council." *Id.* 8.  "The [C]ity [C]ouncil voted against the [request] in August 2018." *Id*.

MPS "waited a little over [a] year and again on or about [April 3, 2019], requested the historic overlay be lifted from its property since it appeared [to MPS] that [North Augusta] was undertaking to lift the historic overlay requirements from [North Augusta] owned property, some of which is . . . in close proximity to [MPS's] property." *Id*. 9.

"On this subsequent occasion, the zoning board agreed and voted affirmatively to recommend to [North Augusta] that the historic overlay be removed from [MPS's] parcels of land, which would then have left its property zoned general commercial, and it could then build its expanded office building." *Id.* 10.  "The zoning board's recommendation went to the North Augusta City Council which once again denied [MPS] the [rezoning request], thus maintaining the historic overlay zoning, effectively preventing [MPS] from expanding its business with a new office building." *Id*. 11.

MPS states that it "is informed and believes that prior to denying its requests, [North Augusta] had previously granted text amendments to the zoning ordinance lifting the restrictions of

the historic overlay on numerous occasions for owners in the same area as [MPS], including but not limited to the Channel 12 television station, Jackson Square, Posey Funeral Home, and Dr. David Allen's office." *Id*. 12.  According to MPS, it is also "informed and believes that [North Augusta] did in fact remove the historic overlay from restricting its own use of City properties." *Id*. 13.  MPS contends it "has been able to discern no rhyme nor reason behind [North Augusta] granting text amendments to certain businesses but not [its] own." *Id*. 14.

As the Court noted above, MPS filed this action in the Aiken County Court of Common Pleas, after which North Augusta removed it to this Court.  North Augusta subsequently filed a motion for summary judgment; and MPS filed a response in opposition to the motion.

The Court, having been fully briefed on the relevant issues, is now prepared to adjudicate the motion.

### III.   STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The moving party bears this initial burden of informing the Court of the basis for its motions, and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The Court reviews the record by drawing all inferences most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).

"Once the moving party carries its burden, the adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The adverse party must show more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. If an adverse party completely fails to make an offer of proof concerning an essential element of that party's case on which that party will bear the burden of proof, then all other facts are necessarily rendered immaterial and the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 322–23. Hence, the granting of summary judgment involves a three-tier analysis.

First, the Court determines whether a genuine issue actually exists so as to necessitate a trial. Fed. R. Civ. P. 56(e). An issue is genuine "if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Second, the Court must ascertain whether that genuine issue pertains to material facts. Fed. R. Civ. P. 56(e). The substantial law of the case identifies the material facts, that is, those facts that potentially affect the outcome of the suit. *Anderson*, 477 U.S. at 248. Third, assuming no genuine issue exists as to the material facts, the Court will decide whether the moving party shall prevail solely as a matter of law. Fed. R. Civ. P. 56(e).

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327. The primary issue is whether the material facts present a substantive disagreement as to require a trial, or whether the facts are sufficiently one-sided that one party should prevail as a matter of law. *Anderson*, 477 U.S. at 251–52. The substantive law of the case identifies which facts are material. *Id*. at 248. Only

disputed facts potentially affecting the outcome of the suit under the substantive law preclude the entry of summary judgment.

## IV.   DISCUSSION AND ANALYSIS

### A.   *Whether North Augusta is entitled to summary judgment on MPS's Equal Protection claim*

North Augusta contends MPS "has not demonstrated that it was treated differently by the City from other property owners with whom it was similarly situated."  North Augusta's Memorandum at 14. "Likewise," according to North Augusta, MPS "has not shown any unequal treatment that was the result of intentional or purposeful discrimination." *Id*. MPS, on the other hand, maintains North Augusta's decision not to grant its zoning requests was a result of the arbitrary and capricious decision making by North Augusta. MPS's Response at 3.

The Supreme Court has "explained that the purpose of the [E]qual [P]rotection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (citation omitted) (internal quotation marks omitted) (alteration marks omitted). The elements of a Fourteenth Amendment Equal Protection claim are as follows: (1) the defendant treated it differently than others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment. *Id*.

When the Court reviews a legislative decision such as the ones at issue here, "the existence of facts supporting the legislative judgment is to be presumed." *United States v. Carolene Products*

*Co.*, 304 U.S. 144, 152 (1938).  And, "[i]f the validity of the legislative classification for zoning purposes [is] fairly debatable, the legislative judgment must be allowed to control." *Vill. of Euclid, Ohio v. Ambler Realty Co.*, 272 U.S. 365, 388 (1926).

Disparate treatment, without more, is an insufficient basis on which to support a Constitutional violation.  *Sunrise Corp. of Myrtle Beach v. City of Myrtle Beach*, 420 F.3d 322, 329 (4th Cir. 2005).  As the Fourth Circuit opined, "[e]ven if we were to determine that plaintiffs' project was similarly situated to other projects, they would still need to show purposeful discrimination." *Id*.

As per well-settled South Carolina law, "[t]he governing bodies of municipalities clothed with authority to decide residential and industrial districts are better qualified by their knowledge of the situation to act upon these matters than are the courts, and their decisions will not be interfered with unless there is a plain violation of the constitutional rights of citizens." *Harbit v. City of Charleston*, 675 S.E.2d 776, 780, 382 S.C. 383, 390 (S.C. Ct. App. 2009).  The Court will not 'insinuate [its] judgment into a review of the . . . [C]ouncil's decision but must leave that decision undisturbed if the propriety of that decision is even fairly debatable.  *Id*. at 391 (citation omitted) (internal quotation marks omitted).

As the Court already stated, North Augusta contends in its motion for summary judgment that MPS "has not demonstrated that it was treated differently by the City from other property owners with whom it was similarly situated." North Augusta's Memorandum at 14.  It further maintains MPS "has not shown any unequal treatment that was the result of intentional or purposeful discrimination." *Id*.

MPS, however, offers neither argument nor evidence to rebut either of these arguments. It then follows MPS is unable to satisfy the first requirement of its Equal Protection claim, to show that North Augusta treated it differently than others similarly situated. *See Vill. of Willowbrook*, 528 U.S. at 564. Nor has MPS met the second requirement, to demonstrate that North Augusta did so intentionally. *See id*.

"After a defendant properly moves for summary judgment, the non-movant plaintiff must bring forward sufficient evidence to demonstrate that a genuine issue of material fact exists on every element of a claim." *Fla. Dept. of Ins. v. Chase Bank of Texas Nat. Ass'n*, 274 F.3d 924, 928 (5th 2001). MPS's failure to do so is thus fatal to its Equal Protection cause of action. Consequently, the Court concludes North Augusta is entitled to summary judgment on MPS's Equal Protection claim.

    **B.**    *Whether North Augusta is entitled to summary judgment on MPS's Privileges and Immunities claim*

According to North Augusta, MPS "has not stated a claim alleging a violation of the Privileges and Immunities Clause, and that claim should accordingly be dismissed." North Augusta's Memorandum at 15. MPS fails to respond to this argument.

Thus, the Court construes this to mean MPS has waived and/or abandoned its Privileges and Immunities claim against North Augusta. *See Laborers' Int'l Union of N. Am. v. Caruso*, 197 F.3d 1195, 1197 (7th Cir.1999) (stating that arguments not presented to the district court in response to summary judgement motions are waived). Therefore, the Court will also grant North Augusta's motion for summary judgment as to MPS's Privileges and Immunities claim.

### C. *Whether the Court should exercise supplemental jurisdiction over MPS's state law claims*

MPS contends that "if this Court [decides] that § 1983 damages are unwarranted, that the state court claims . . . should be remanded back to State Circuit Court." MPS's Response at 4. North Augusta offers no reply to this argument.

The Court may decline to exercise supplemental jurisdiction over a plaintiff's state law claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367. And, the Court has "wide discretion" to do so. *Yashenko v. Harrah's NC Casino Co.*, 446 F.3d 541, 553 n.4 (4th Cir. 2006).

When determining whether to decline to exercise supplemental jurisdiction, the Court considers "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).

Here, there is no indication a decision by the Court declining to exercise its supplemental jurisdiction over the remaining state law claims would inconvenience or unfairly prejudice either of the parties. Nor does it appear there are any underlying issues of federal policy or comity involved in MPS's state law claims. Additionally, the principles of judicial economy and efficiency suggest these state claims, which were originally filed in state court, should be decided there.

Therefore, the Court will decline to exercise supplemental jurisdiction over MPS's state claims and remand them to the Aiken County Court of Common Pleas for adjudication there.

## V. CONCLUSION

Therefore, based on the foregoing discussion and analysis, it is the judgment of this Court North Augusta's motion for summary judgment is **GRANTED** as to MPS's federal claims. So, they are **DISMISSED WITH PREJUDICE**.

Because the Court declines to exercise supplemental jurisdiction over MPS's state law claims, those claims are **REMANDED** to the Aiken County Court of Common Pleas.

**IT IS SO ORDERED**.

Signed this 25th day of January, 2022, in Columbia, South Carolina.

　　　　　　　　　　　　　　　　s/ Mary Geiger Lewis
　　　　　　　　　　　　　　　　MARY GEIGER LEWIS
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE